1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CHRIS EPPERSON,                          Case No.  1:22-cv-00534-DAD-HBK (PC)

12              Plaintiff,                      FINDINGS AND RECOMMENDATIONS TO
                                                DISMISS THE ACTION AND DENY
13        v.                                    MOTION TO PROCEED *IN FORMA
                                                PAUPERIS* [1]
14    UNITED STATES; JOHN F. KENNEDY;
      THEODORE ROOSEVELT; BEN                   FOURTEEN-DAY OBJECTION PERIOD
15    FRANKLIN; AND BENJAMIN HARRIS,
                                                (Doc. No.  2)
16              Defendants.

17

18        Plaintiff Chris Epperson, who is proceeding *pro* se, initiated this action by filing a civil

19    complaint form on May 5, 2022.  (Doc. No. 1, "Complaint").  For the reasons set forth herein, the

20    undersigned recommends the district court dismiss this case, without leave to amend the

21    Complaint, because the Court lacks jurisdiction, the Complaint fails to state a claim, and the

22    Complaint is frivolous.  The undersigned further recommends the district court deny Plaintiff's

23    motion for leave to proceed *in forma pauperis*.

24    ///

25    ///

26

27    _____
      [1] The undersigned submits these factual findings and recommendations to the district court pursuant to 28
28    U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

**BACKGROUND**

### A. Applicable Law

Because Plaintiff seeks to proceed *in form pauperis*, the Court may dismiss this action "at any time" if the Court determines, *inter alia*, the action is frivolous or fails to state a claim. 28 U.S.C § 1915(e)(2)(B)(i)-(ii). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Alternatively, claims are frivolous where they are based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. And a claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989) (finding claims may be dismissed as "frivolous" where the allegations are "fanciful" or "describe[e] fantastic or delusional scenarios").

Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). As such, a complaint must contain sufficient factual matter to state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. At this stage, the Court accepts the facts stated in the complaint as true. *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). The Court does not accept as true allegations that are merely conclusory, unreasonable inferences, or unwarranted deductions. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Nor are legal conclusions considered facts. *Iqbal*, 556 U.S. at 678. Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

### B. Summary of the Complaint

Plaintiff initiated this matter, proceeding *pro se*, by filing a civil complaint form. (*See*

2

1  *generally* Doc. No. 1).  The entirety of the Complaint totals six pages in length and contains two

2  complete sentences.  (*Id.*).  The Complaint identifies deceased former Presidents of the United

3  States and the United States as the Defendants.  (*Id.* at 1-3).  As the basis for federal jurisdiction

4  Plaintiff lists: "War National Defense," "United States Bank," and "Chemical Weapons

5  Convention." (*Id.* at 4).  Under the amount in controversy, Plaintiff writes "Federal dont [sic]

6  cross state."  (*Id.* at 5).  In his statement of the claim, Plaintiff writes: "Defrauded State

7  Washington."  (*Id.*).  As relief, Plaintiff requests that "They dont [sic] even like you messing with

8  their powers."  (*Id.* at 6).  Plaintiff seeks leave to proceed *in forma pauperis* in this action.  (Doc.

9  No. 2).

10  **ANALYSIS**

11  **A.  Lack of Subject Matter Jurisdiction**

12  A federal court lacks jurisdiction to consider claims that are "essentially fictitious,"

13  "obviously frivolous," or "obviously without merit."  *Hagans v. Lavine,* 415 U.S. 528, 537, 94

14  (1974).  Thus, a "claim may be dismissed for want of subject-matter jurisdiction if it is not

15  colorable" or if it "is 'wholly insubstantial and frivolous.'"  *Arbaugh v. Y & H Corp.,* 546 U.S.

16  500, 513 n.10 (2006) (citations omitted); *see also Shapiro v. McManus,* 577 U.S. 39, 45 (2015)

17  (insubstantiality for jurisdictional purposes "has been equated with such concepts as 'essentially

18  fictitious,' 'wholly insubstantial,' 'obviously frivolous'"); *Franklin v. Murphy,* 745 F.2d 1221,

19  1227 n.6 (9th Cir. 1984) (even "[a] paid complaint that is 'obviously frivolous' does not confer

20  subject matter jurisdiction").

21  **B.  Failure to State a Claim and Frivolous**

22  Even if the Court had jurisdiction over this action, the undersigned would recommend

23  dismissal for failure to state a claim.  28 U.S.C § 1915(e)(2)(B)(ii).  Here, Plaintiff's Complaint is

24  devoid of any facts in support of any claim.  Fed. R. Civ. P. 8(a)(2) (a complaint must contain "a

25  short and plain statement of the claim showing the pleader is entitled to relief").  Thus, the

26  Complaint lacks an arguable basis in both law and fact and does not state any claim, yet alone a

27  plausible claim.

28  Further, a review of the Complaint confirms its frivolity particularly because it identifies

former United States Presidents and/or founding fathers who are currently deceased as

Defendants.  (Doc. No. 1 at 2-3).  Because the Complaint is frivolous, dismissal without leave to

amend is appropriate.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 n. 8 (9th Cir. 2000) ("When a

case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying

action and so no reason to grant leave to amend.").

### C. Denial of *In Forma Pauperis* Application

When an action is frivolous, the denial of an application to proceed *in forma pauperis* is

also appropriate.  *See e.g., Minetti v. Port of Seattle,* 152 F.3d 1113, 1115 (9th Cir. 1998) ("A

district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face

of the proposed complaint that the action is frivolous or without merit"); *Tripati v. First Nat'l

Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (same).

Accordingly, it is **RECOMMENDED**:

1. This case be dismissed for lack of subject matter jurisdiction or for failure to state a

claim and/or as frivolous.

2. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 2) be denied.

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge

assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

after being served with these findings and recommendations, a party may file written objections

with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings

and Recommendations."  Parties are advised that failure to file objections within the specified

time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39

(9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    May 16, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28